

**FILED**

DEC 0 5 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 89, AFL-CIO,<br><br>                         PETITIONER,<br><br>v.<br><br>MEK ENTERPRISES, a Delaware Corporation, also known as MEK, also known as MEK Enterprises, also known as MEK Contracting, et al.,<br><br>                      Respondents. | Case No.: 3:17-cv-01614-BEN-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION TO CONFIRM ARBITRATION AWARD; and**<br><br>**(2) GRANTING REQUEST FOR ENTRY OF DEFAULT JUDGMENT** |

Before the Court are the Petition to Confirm Arbitration Award and Request for Entry of Default Judgment filed by Petitioner Laborers' International Union of North America, Local 89, AFL-CIO. (Docket Nos. 1, 7.) Respondents MEK Enterprises and MEK Enterprises GOV, Inc. did not respond to Petitioner's petition or default judgment request, and have not made an appearance in this case. For the reasons that follow, Petitioner's petition and request for default judgment are **GRANTED**.

**I.    PETITION TO CONFIRM ARBITRATION AWARD**

Federal courts have jurisdiction to vacate or enforce compliance with an arbitration award for breaches of collective bargaining agreements pursuant to Section 301 of the

1 Labor Management Relations Act, 29 U.S.C. § 185. *See Kemner v. Dist. Council of*
2 *Painting & Allied Trades No. 36,* 768 F.2d 1115, 1118 (9th Cir. 1985). In considering
3 whether to confirm an arbitration award, "[f]ederal courts should not review the merits of
4 arbitration awards, but rather should merely determine whether the parties agreed to
5 arbitrate the dispute and to give the arbitrator the power to provide for his award."
6 *Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752, Int'l Bhd. of Teamsters,*
7 989 F.2d 1077, 1080 (9th Cir. 1993).

8       Here, Petitioner alleges its dispute is governed by a collective bargaining
9 agreement, namely the San Diego Unified School District Project Stabilization
10 Agreement – Construction and Major Rehabilitation Funded by Proposition S ("PSA")
11 and the Master Labor Agreement for Building Construction between the Associated
12 General Contractors of America, San Diego Chapter, Inc. and the Southern California
13 District Council of Laborers for San Diego County ("MLA"), which was incorporated by
14 reference by the PSA. (*See* Docket No. 1, Pet. at p. 3.) Petitioner further alleges
15 Respondents agreed to be a party to, and bound by, the PSA pursuant to "a series of
16 Letters of Assent." (*Id.* at pp. 3-5.) According to the PSA, failing resolution through the
17 preliminary grievance process, all disputes regarding "[a]ny questions arising out of and
18 during the term of this Agreement involving its interpretation and application" must be
19 submitted to arbitration. (*Id.* at p. 5; Docket No. 1-2, Ex. 1 at pp. 22-23.) Petitioner
20 asserts that this dispute arises out of Respondents' violations of the PSA and MLA. (Pet.
21 at pp. 5-6.) Respondent, who bears the burden of demonstrating why the arbitration
22 award should not be confirmed, has not appeared in this action. Accordingly, the Court
23 **GRANTS** the petition and confirms the Arbitrator's award in Petitioner's favor.

24 **II.    Request for Default Judgment**

25       Procedurally, Petitioner has met all of the requirements for entry of default
26 judgment. Default was entered as to Respondents on September 19, 2017, for failure to
27 plead or otherwise defend against the Petition. (Docket No. 6.) There is no evidence to
28 indicate that Respondents are infants or incompetent persons, or that the Servicemembers

1  Civil Relief Act applies. Finally, the notice of the default was served on Respondents.

2  (*See* Docket No. 5-1, Declaration of Aaron G. Lawrence ¶ 2.)

3  Furthermore, the Court finds that the substantive factors set forth in *Eitel v.*

4  *McCool,* 782 F.2d 1470 (9th Cir. 1986) weigh in favor of granting default judgment.

5  Petitioner will be prejudiced if it has no way of enforcing the arbitration award. The

6  merits and sufficiency of the claims have already been determined by the Arbitrator. The

7  sum is substantial – over $65,000 – and results from Respondents' refusal to pay

8  compensation owed. Respondents have had multiple opportunities to defend themselves

9  and have chosen not to appear. Finally, because entry of default leads to the presumption

10 that Petitioner's allegations are true, and because Respondents have not appeared, there is

11 no dispute as to material facts. In sum, the factors weigh in favor of granting default

12 judgment. Therefore, the Court **GRANTS** Petitioner's request for entry of default

13 judgment against Respondents.

14 **III.    Prejudgment Interest**

15 Petitioner seeks prejudgment interest at the rate of 10% per annum for the period

16 beginning April 17, 2017 (the date the Arbitrator issued its written arbitration award)[1]

17 through the date this Court enters judgment pursuant to California Civil Code Sections

18 3287 and 3289. The Ninth Circuit has recognized that "[p]re-judgment interest is

19 governed by state law ... and [California] law provides that pre-judgment interest is

20 available from the date the arbitration panel renders its award." *Goldman v. Gagnard,*

21 No. 11-CV-3028-LHK, 2011 WL 13177619, at *3 (N.D. Cal. Oct. 27, 2011) (citing

22 *Fidelity Fed. Bank, FSB v. Durga Ma Corp.,* 387 F.3d 1021, 1024 (9th Cir. 2004)).

23 California Civil Code Section 3289 sets the statutory rate of prejudgment interest at an

24 annual rate of 10%. Accordingly, the Court **GRANTS** Petitioner's request for

25 prejudgment interest in the amount of **$4,134.50**, calculated as follows: on damages in the

---

28 [1] Docket No. 1-8, Ex. 7, Arbitration Award.

1  amount of $65,047.15 from April 17, 2017 to the present (232 days) at the annual rate of

2  10%.

3  **IV.    Attorney's Fees**

4        Finally, Petitioner seeks to recover its attorney's fees in the amount of $16,870.

5  "Ordinarily, the prevailing party in a lawsuit does not collect attorney's fees absent

6  contractual or statutory authorization." *Sheet Metal Workers' Int'l Ass'n Local Union*

7  *No. 359 v. Madison Indus., Inc. of Arizona*, 84 F.3d 1186, 1192 (9th Cir. 1996) (citing

8  *Int'l Union of P.I.W. v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983).

9  Petitioner implicitly acknowledges that it is not entitled to an attorney's fee award under

10 any contractual or statutory authorization.

11       Instead, it relies on the Ninth Circuit's previous holding that "a court *may* award

12 fees if it finds that the losing party 'acted in bad faith, vexatiously, wantonly, or for

13 oppressive reasons.'" (Docket No. 7-1, Req. Entry Default J. at p. 7) (citing *Sheet Metal*

14 *Workers*, 84 F.3d at 1192) (emphasis added.)  The Court has reviewed the documents

15 proffered by Petitioner to support its request for attorney's fees, but finds an absence of

16 evidence that Respondents have "acted in bad faith, vexatiously, wantonly, or for

17 oppressive reasons."[2] *Sheet Metal Workers'*, 84 F.3d at 1192 (quoting *Alyeska Pipeline*

18 *Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59 (1975)).  Accordingly, Petitioner's

19 request for attorney's fees is **DENIED**.

20                                   **CONCLUSION**

21       For the reasons set forth above, **IT IS HERBY ORDERED** that:

22  1.    Petitioner's petition to confirm arbitration award against Respondents

23          (Docket No. 1) is **GRANTED**;

24

25

─────────────────────

26 [2] The Court acknowledges that other courts have found a party has acted acted in bad

27 faith, vexatiously, wantonly, or for oppressive reasons by virtue of its failure to comply

28 with an arbitration award, but declines to make such a finding without any other evidence
   demonstrating such conduct.

2.   The Arbitrator's Award (Docket No. 1-8) is confirmed in favor of Petitioner;

3.   Petitioner's request for entry of default judgment (Docket No. 7) against Respondents is **GRANTED**; and

4.   Default judgment is entered in favor of Petitioner against Respondents in the amount of **$69,181.65**, consisting of the $65,047.15 arbitration award and $4,134.50 in prejudgment interest.

DATED: December 05, 2017

_____
HON. ROGER T. BENITEZ
United States District Judge